DECISION AND JUDGMENT ENTRY
These consolidated appeals are before the court from judgments of the Lucas County Court of Common Pleas which found defendant-appellant, Ernest D. Cooper, to be a sexual predator pursuant to R.C. 2950.09.
Appellant's appointed counsel has submitted a request to withdraw as counsel pursuant to Anders v. California (1967), 386 U.S. 738. Counsel for appellant asserts that after having reviewed the entire record on appeal, she can find no issues for appellate review. Counsel for appellant has, however, consistent with Anders, set forth the following potential assignments of error:
"FIRST ISSUE PRESENTED
 WHETHER THE TRIAL COURT FOLLOWED THE STATUTORY REQUIREMENTS IN DETERMINING APPELLANT'S CLASSIFICATION AS A SEXUAL PREDATOR.
"SECOND ISSUE PRESENTED
 WHETHER THE STANDARD OF CLEAR AND CONVINCING EVIDENCE SUPPORTED THE CLASSIFICATION OF APPELLANT AS A SEXUAL PREDATOR."
 Anders, supra and State v. Duncan (1978), 57 Ohio App.2d 93, set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In Anders, supra at 744, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous she should so advise the court and request permission to withdraw. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.
In the case before us, appointed counsel for appellant has satisfied the requirements set forth in Anders. This court notes further that appellant has not filed a pro se brief or otherwise responded to counsel's request to withdraw. Accordingly, this court shall proceed with an examination of the potential assignments of error set forth by counsel for appellant and of the entire record below to determine if this appeal lacks merit and is, therefore, wholly frivolous.
On May 3, 2000, appellant entered pleas of guilty, pursuant to NorthCarolina v. Alford (1970), 400 U.S. 25, to the offense of gross sexual imposition in violation of R.C. 2907.05(A)(4) (case No. CR-99-1607), and to the offenses of attempt to commit sexual battery, in violation of R.C. 2923.02 and R.C. 2907.03(A)(5), and sexual battery, in violation of R.C. 2907.03(A)(5) (case No. CR-00-1700). The court then referred the matter to the Court Diagnostic and Treatment Center for a presentence evaluation and report and for a sexual offender classification evaluation. Upon the request of appellant, the court also referred the matter to Dr. Wayne J. Graves, Ph.D., for a sexual offender classification evaluation. On July 13, 2000, the lower court held a sexual offender classification hearing at which Dr. Lucia Hinojosa, Ph.D., of the Court Diagnostic and Treatment Center, and Dr. Graves testified regarding their interviews and evaluations of appellant. In addition, the doctors' written evaluations were submitted to the court as evidence. After evaluating appellant pursuant to four separate evaluation tools, Dr. Hinojosa opined that appellant should be designated a sexual predator. Dr. Graves, on the other hand, using various other evaluation tools, opined that appellant was more appropriately classified as a sexually oriented offender. On July 21, 2000, the trial court entered judgment in both cases, finding by clear and convincing evidence that appellant is a sexual predator as defined by R.C. 2950.01(E).
Appellant's potential assignments of error are interrelated and will be discussed together. In his potential assignments of error, appellant questions whether the trial court complied with R.C. 2950.09 in classifying him as a sexual predator and whether that classification was established by clear and convincing evidence.
A sexual predator is defined by R.C. 2950.01(E) as "* * * a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." In determining whether a person who has been convicted of a sexually oriented offense is a sexual predator, a trial court must conduct a hearing in the manner described in R.C. 2950.09(B)(1) and determine by clear and convincing evidence whether the offender is a sexual predator. R.C. 2950.09(C)(2). Clear and convincing evidence is that proof which establishes in the mind of the trier of fact a firm conviction as to the allegations sought to be proven. Cross v. Ledford
(1954), 161 Ohio St. 469. In making that determination, the court shall consider all relevant factors, including but not limited to:
"(a) The offender's age;
 "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 "(g) Any mental illness or mental disability of the offender;
 "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 "(j) Any additional behavioral characteristics that contribute to the offender's conduct." R.C. 2950.09(B)(2).
The court, however, need not find all of the R.C. 2950.09(B)(2) factors to classify an offender as a sexual predator. State v. Whitson (Apr. 7, 2000), Wood App. No. WD-99-034, unreported.
In the present case, the trial court considered the testimony of Dr. Hinojosa and Dr. Graves, as well as the reports prepared by them, in determining whether to classify appellant as a sexual predator. The testimony and reports revealed the following information relevant to the factors that the court was required to consider.
Appellant was fifty-six years old at the time of the evaluations (May 2000), although he was a few years younger when his actions which resulted in the present convictions began. Appellant has an extensive criminal record, although the majority of the offenses were offenses of violence. He does not have any prior convictions for sexual offenses. Appellant did, however, complete a two year sentence following a conviction for receiving stolen property. Although there was no evidence of a mental illness or disability, both evaluators concluded that appellant has a propensity toward pedophilia and has an antisocial personality disorder. Regarding the nature of the sexual conduct in the present case, appellant was convicted of sexual battery, attempt to commit sexual battery and gross sexual imposition as a result of the allegations of his sixteen and thirteen year old daughters and a niece. Appellant's sixteen year old daughter reported that appellant began to engage in sexual activity with her when she was twelve years old and that the activity included oral/genital contact, physical manipulation, digital penetration and rape. That daughter also stated that appellant hit her with a board when she resisted and that he threatened to kill her if she told anyone about the contact. Appellant's thirteen year old daughter reported that appellant had raped her approximately five times and his niece stated that appellant had put his hand down her pants and rubbed her genital area. Accordingly, appellant's interaction with his daughters in a sexual context constituted a demonstrated pattern of abuse. Appellant also demonstrated threats and cruelty during the commission of the offenses. There was no evidence that appellant used drugs or alcohol to impair the victims or to prevent them from resisting.
Based on this evidence, Dr. Hinojosa testified that there was a strong likelihood that appellant would reoffend given the opportunity and, therefore, she opined that he should be classified a sexual predator. Dr. Graves, however, testified that because appellant's victims were relatives, rather than strangers, he was less likely to reoffend in the future. Dr. Graves, therefore, opined that appellant should be classified as a sexually oriented offender.
Given this evidence, we cannot say that the trial court erred in classifying appellant as a sexual predator. Clear and convincing evidence supported the conclusion that appellant had been convicted of a sexually oriented offense and was likely to engage in committing similar offenses in the future given the opportunity. The proposed assignments of error are not well-taken.
Upon our own independent review of the record, we find no other grounds for a meritorious appeal. This appeal is therefore found to be without merit and is wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is hereby granted. The judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ______________________________ Mark L. Pietrykowski, P.J.
James R. Sherck, J. and Richard W. Knepper, J. CONCUR.